## Daniel L. Boone et al. v. Charles W. Colehour et al.

1. CROSS-BILL—*Not Necessary in Foreclosure Proceedings, by Subsequent Incumbrances.*—In a suit to foreclose a trust deed against the owners of the equity of redemption and parties holding a subsequent incumbrance created by the owner of the equity of redemption, a cross-bill by the subsequent incumbrancers is unnecessary, as they can, by their answer, claim the surplus proceeds after the paramount incumbrance is paid.

**Memorandum.**—Foreclosure proceedings. In the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding. Decree for complainants; appeal by defendants. Heard in this court at the October term, 1893, and affirmed. Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

MONTGOMERY & MONTGOMERY, attorneys for appellants.

JAMES E. MUNROE, for Title Guarantee and Trust Company, receiver.

W. H. COLEHOUR, *pro se.*

OPINION OF THE COURT, GARY, J.

We condense, mainly from the brief of the appellants, this statement of facts.

In 1871 some Clarks sold the land in question, taking back as security for the unpaid portion of the purchase money, a trust deed in the nature of a mortgage.    In 1889 the lands were sold under a decree rendered upon a bill filed to foreclose that trust deed.

An incumbrance created in 1873 by the owners of the equity of redemption had come to the ownership of the appellants.

The owners of the equity of redemption, as well as the appellants, were defendants to the bill mentioned, and the appellants filed a cross-bill, setting up their subsequent incumbrance, to which the owners of the equity made no answer, and it was taken as confessed against them.

In the progress of the suit, that cross-bill was dismissed by the court, as the appellants could, by their answer, claim the surplus proceeds after the paramount incumbrance was paid.    Boone v. Clark, 129 Ill. 466.

In January, 1890, one of the three owners of the equity of redemption filed a bill against the other two, for the purpose of getting the right to redeem from the sale into a manageable shape, the result of which has been that such right to redeem has been conveyed to a receiver who has redeemed, and is holding the title as security.

Now, suppose that redemption had been made by the owners of the equity of redemption, in their own names and with their own funds.    In such case it might be well held that the appellants thereby became first incumbrancers.

Whether such owners could give a lien upon the land for money borrowed with which to redeem, which lien would be superior to the appellants', may be doubted; but that is a question we deem it unnecessary to consider.

Now the machinery of a suit in equity, and a receiver appointed by the court, only puts the receiver in the place in which the owners of the right to redeem could have put a trustee, if they could have agreed.

Against such a trustee the appellants claim would and

could have been only a right to foreclose. His sales, if he should make any, would be subject to whatever rights the appellants might have. The sales by a receiver, in a suit to which appellants were not parties, would carry no better title.

It follows that as purchasers from the receiver will take subject to the rights of the appellants, if they have any, they should not share in the money the receiver gets upon the sales, and therefore that their intervening petition in the suit in which the receiver was appointed, praying that he might be required to make sales for their benefit, was rightly dismissed.

This view of the case makes all discussion of the statute of limitations as applied to the claim of the appellants, and the effect of the taking of the bill as confessed by the owners of the equity of redemption, irrelevant.

The curious about the facts of the case may find them, except as to the receivership and present petition, in the case cited. The decree is affirmed.